1
2
Jon W. Gurka (SBN 187964)
jon.gurka@kmob.com
Cheryl T. Burgess (SBN 250101)
cheryl.burgess@kmob.com
3
KNOBBE, MARTENS, OLSON &
BEAR, LLP
4
2040 Main Street
Fourteenth Floor
5
Irvine, CA  92614
Phone:  (949) 760-0404
6
Fax:     (949) 760-9502

7
Phillip Bennett (SBN 241809)
phillip.bennett@kmob.com
8
KNOBBE, MARTENS, OLSON &
BEAR, LLP
9
12790 El Camino Real
San Diego, CA  92130
10
Phone:  (858) 707-4000
Fax:     (858) 707-4001
11
12
Attorneys for Plaintiff
MARKETLINX, INC.

13
Jeffrey G. Sheldon (SBN 67516)
jgsheldon@usip.com
14
Douglas H. Morseburg (SBN 126205)
douglas.morseburg@usip.com
15
SHELDON MAK & ANDERSON PC
100 Corson Street, Third Floor
16
Pasadena, California 91101
Phone:  (626) 796-4000
17
Fax:     (626) 795-6321

Michael J. Gleason (SBN 279434)
mgleason@hahnlaw.com
HAHN LOESER AND PARKS, LLP
One America Plaza
600 W Broadway, Suite 1500
San Diego, California 92101-3384
Phone:  (619) 810-4310
Fax:     (619) 810-4301

18
Gregg L. Goldstein (*Pro Hac Vice*)
ggoldstein@gliplaw.com
19
Edward W. Goldstein (*Pro Hac Vice*)
egoldstein@gliplaw.com
20
GOLDSTEIN & LIPSKI PLLC
1177 West Loop South, Suite 400
21
Houston, TX 77027
Phone:  (713) 877-1515
22
Fax:     (713) 877-1145

Shannon McCue (*Pro Hac Vice*)
smmcue@hahnlaw.com
Michael Garvin (*Pro Hac Vice*)
mjgarvin@hahnlaw.com
HAHN LOESER AND PARKS, LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
Phone:  (216) 621-0150
Fax:     (216) 241-2824

23
Attorneys for Defendant
INDUSTRY ACCESS
24
INCORPORATED D/B/A VOBRE

Attorneys for Defendant
CONCEPTS IN DATA
MANAGEMENT INCORPORATED
D/B/A INSTANET SOLUTIONS

25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETLINX, INC., a Tennessee corporation, | ) Case No. CV12-3496 CBM (FMOx) |
| | ) |
| Plaintiff, | ) **JOINT REPORT OF** |
| | ) **FED. R. CIV. P. 26(f) MEETING** |
| v. | ) |
| | ) Case Management Conference |
| INDUSTRY ACCESS | ) |
| INCORPORATED d/b/a VOBRE, a | ) Date:       July 9, 2012 |
| California corporation; and | ) Time:       10:00 a.m. |
| CONCEPTS IN DATA | ) Courtroom: 2 |
| MANAGEMENT INCORPORATED | ) |
| d/b/a INSTANET SOLUTIONS, a | ) Honorable Consuelo B. Marshall |
| Canadian corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The parties in the above-captioned case conferred on June 18, 2012, pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), and Local Rule 26-1. The parties state their positions as follows:

**A.      The Nature And Basis Of Claims And Defenses[1]**

**1.      Plaintiff MarketLinx, Inc.'s ("MarketLinx") Claims**

MarketLinx is the owner by assignment of U.S. Patent No. 7,343,348 ("the '348 patent"), entitled "System for Performing Real-Estate Transactions over a Computer Network Using Participant Templates."

MarketLinx alleges that Vobre infringes the '348 patent directly and indirectly.  MarketLinx alleges that Vobre directly infringes by making, using, selling, and/or offering to sell software products and/or services for facilitating real estate transactions, such as its Virtual Office Builder suite of products.  In addition, MarketLinx alleges that Vobre indirectly infringes by inducing its customers to infringe by their use of Vobre's Virtual Office Builder suite of

_____

[1] Although this is a "joint" statement, the parties do not stipulate or agree to another party's characterization of the claims and defenses set forth herein.

products.  MarketLinx alleges that Vobre has actual knowledge of the '348 patent and knowingly induces infringement of the '348 patent by its customers. MarketLinx alleges that Vobre provides its customers with access to the Virtual Office Builder suite of products knowing that its customers' use of the suite of products in accordance with Vobre's directions, demonstrations, guides, manuals, and training, constitutes infringement of the '348 patent.  MarketLinx alleges that even if Vobre did not have actual knowledge of the '348 patent prior to this lawsuit, any lack of knowledge on the part of Vobre would constitute willful blindness with respect to the '348 patent, such that Vobre's willful blindness constitutes knowledge of the '348 patent.

MarketLinx alleges that Instanet Solutions infringes the '348 patent directly and indirectly.  MarketLinx alleges that Instanet Solutions directly infringes by making, using, selling, importing, and/or offering to sell software products and/or services for facilitating real estate transactions, such as its TransactionDesk Pro web-based, real-estate transaction software product.  In addition, MarketLinx alleges that Instanet Solutions indirectly infringes by inducing its customers to infringe by their use of Instanet Solutions' TransactionDesk Pro web-based, real-estate transaction software product. MarketLinx alleges that Instanet Solutions has actual knowledge of the '348 patent and knowingly induces infringement of the '348 patent by its customers. MarketLinx alleges that Instanet Solutions provides its customers with access to the TransactionDesk Pro web-based, real-estate transaction software product knowing that its customer's use of the product in accordance with Instanet Solutions' directions, demonstrations, guides, manuals, and training, constitutes infringement of the '348 patent.  MarketLinx alleges that even if Instanet Solutions did not have actual knowledge of the '348 patent prior to this lawsuit, any lack of knowledge on the part of Instanet Solutions would constitute willful

blindness with respect to the '348 patent, such that Instanet Solutions' willful blindness constitutes knowledge of the '348 patent.

### 2. Defendant Industry Access Incorporated d/b/a Vobre's ("Vobre") Defenses

Vobre alleges that is has not infringed directly or indirectly any valid claim of the '348 Patent.  Vobre does not make, use, sell, offer for sale, or import a product that infringes the claims of the '348 Patent nor does the use of any Vobre product result in infringement by Vobre's customers.  In addition, Vobre asserts that one or more claims of the '348 Patent are invalid.  Among other reasons, Vobre asserts that the '348 Patent is invalid over Vobre's prior art.  Finally, Vobre and Instanet Solutions are improperly joined in this litigation.

### 3. Defendant Concepts in Data Management Incorporated d/b/a Instanet Solutions' ("Instanet Solutions") Defenses

Defendant Instanet Solutions does not infringe directly or indirectly the claims of the '348 patent.  With respect to MarketLinx's claim of direct infringement, Instanet Solutions does not make, use, sell, offer for sale, or import a product that infringes the claims of the '348 patent.  Likewise, use of the Transaction Desk product does not result in an infringement by Instanet Solution's customers.  Therefore, in defense to the claim of indirect infringement, Instanet Solutions denies that there is an underlying act of infringement to support this claim.  In further defense to the claim of indirect infringement, Instanet Solutions denies that it had knowledge of the '348 patent prior to being served with the complaint in this action and did not knowingly induce infringement.  Instanet Solutions further denies that it was willfully blind to the '348 patent.  In addition to its non-infringement defenses, Instanet Solutions will assert that the claims of the '348 patent are invalid for failing to meet the requirement set forth in the Patent Act.

**B.    Key Legal Issues**

The key legal issues include: infringement of the '348 patent, validity of the '348 patent; and the amount of damages if the '348 patent is found both valid and infringed.

**C.    The Basis for Jurisdiction**

The court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a), relating to patent infringement.

**D.    MarketLinx's Probable Damages**

By reason of Vobre's and Instanet Solutions' infringement, MarketLinx alleges that has been damaged and is entitled to monetary relief in an amount to be determined at trial.  The range of probable damages is unknown without further information about Vobre's and Instanet Solutions' infringing sales.

**E.    Additional Parties**

At the present time, the parties do not anticipate adding any additional parties.

**F.    Depositions**

At this time, MarketLinx anticipates seeking depositions of each Defendant, the individuals identified in each Defendant's initial disclosures, the expert witnesses for each Defendant, Jack Misraje, Alex Dickman, and other third parties as identified during discovery.  No dates have been identified yet for these depositions.

Vobre anticipates taking the deposition of the '348 Patent's inventor, the '348 Patent's prosecuting attorney, MarketLinx's corporate representative, and MarketLinx's expert witnesses.

Instanet Solutions anticipates seeking depositions of MarketLinx, the inventors named on the '348 patent, any persons identified in the parties' initial disclosures, any expert witness retained by MarketLinx, and other persons identified during discovery.  No dates have been identified for these depositions.

**G.      Written Discovery**

MarketLinx intends to serve written discovery on each Defendant in the form of interrogatories, requests for production of documents and things, and possibly requests for admission.  MarketLinx has not yet served any discovery.

Vobre intends to serve written discovery on MarketLinx in the form of interrogatories, requests for production of documents and things, and possibly requests for admission.  Vobre has not yet served any discovery.

Instanet Solutions intends to serve Instanet Solutions will serve written discovery in the form of interrogatories, requests for production of documents and things, and requests for admission on MarketLinx.  Instanet Solutions has not yet served any discovery.

**H.      Expert Witnesses**

At this time, MarketLinx may call up to three experts: an industry expert in real estate transactions, a technical expert in the subject matter of the '348 patent, and a damages expert.

Vobre may call up to 3 experts: a validity expert, a technical expert, and a damages expert.  Vobre also reserves the right to call rebuttal experts.

Instanet Solutions may call up to 3 experts: a validity expert, a technical expert, and a damages expert.  Instanet Solutions also reserves the right to call rebuttal experts.

The parties set forth their respective proposals regarding the disclosure of experts pursuant to Fed. R. Civ. P. 26(a)(2) in the accompanying proposed schedule attached as Exhibit A hereto.

**I.      Contemplated Motions**

Presently, MarketLinx does not anticipate that it will bring any dispositive or partially dispositive motions.

Vobre anticipates a motion seeking definition of unclear/disputed terms within the claims of the '348 Patent and anticipates filing motions for summary

judgment on validity and infringement of the '348 Patent.

Instanet Solutions expects to move to amend its answer to bring counterclaims of non-infringement and invalidity.  Instanet Solutions also anticipates a motion seeking definition of unclear/disputed terms within the claims of the '348 patent and a motion for summary judgment once the meaning of the claim terms is decided by the Court.

The parties set forth their respective proposals regarding dispositive motions in the accompanying proposed schedule attached as Exhibit A hereto.

**J.      Settlement**

The parties have conducted very preliminary settlement discussions, but the prospects of settlement are unknown at this time.  At this time, the parties expect to engage in additional discussions.

MarketLinx will select Settlement Procedure Number 3, a private dispute resolution proceeding, pursuant to Local Rule 16-15.4.

Vobre selects Settlement Procedure Number 3, a private resolution proceeding, pursuant to Local Rule 16-15.4.

Instanet Solutions selects Settlement Procedure Number 3, a private resolution proceeding, pursuant to Local Rule 16-15.4.

**K.      Manual for Complex Litigation**

The parties do not believe that this matter qualifies as a "complex case" or that any or all of the procedures of the Manual for Complex Litigation are necessary.

**L.      Proceeding Before a Magistrate Judge**

MarketLinx does not consent to have this matter heard by the Magistrate Judge designated for this matter, in lieu of this Court.

Vobre consents to have this matter heard by the Magistrate Judge.

**M.      Pretrial Conference**

The parties propose a pretrial conference date of July 15, 2013.

**N.     Jury Trial**

A demand for jury trial was made with the filing of the First Amended Complaint on September 26, 2011.    The parties propose a jury trial to commence on August 12, 2013.

**O.     Trial Estimate**

The parties agree that an estimate of 7 days for trial is appropriate at this time.

**P.     Trial Counsel**

Trial counsel for Plaintiff will be Jon W. Gurka, Phillip Bennett and Cheryl Burgess of Knobbe, Martens, Olson & Bear, LLP.

Trial counsel for Defendant Vobre will be Edward W. Goldstein and Gregg L. Goldstein of Goldstein & Lipski, PLLC.

Trial counsel for Defendant Instanet Solutions will be Shannon V. McCue and Michael J. Garvin of Hahn Loeser & Parks.

**Q.     Discovery Plan and Proposed Discovery Cut-Off Date**

Pursuant to Fed. R. Civ. P. 26(f)(2), the parties have discussed issues regarding preserving discoverable information and have developed the following, proposed discovery plan.

**1.     Rule 26(f)(3)(A)—Initial Disclosures**

The parties will make their initial disclosures on or before July 23, 2012. The parties do not believe any changes to the timing, form, or requirement for initial disclosures is warranted.

**2.     Rule 26(f)(3)(B)—Discovery Topics and Limits**

The parties agree that discovery should take place as contemplated under the applicable Federal and Local Rules. The parties agree that subjects on which discovery may be needed should generally be guided by the matters in the pleadings.  The parties anticipate that discovery may be needed on the following topics:

a.      U.S. Patent No. 7,343,348;

b.      Vobre's Virtual Office Builder suite of products;

c.      Instanet's TransactionDesk Pro web-based real-estate transaction software.

d.      MarketLinx products that practice claims of the '348 Patent.

MarketLinx does not believe that discovery focused on claim construction issues should be phased to occur prior to fact discovery generally.  Discovery limited to claim construction issues will cause unnecessary delay and not eliminate the need for discovery on other issues, for example the operation of the accused products.  It will be most efficient to deal with the proper construction of certain claim terms through dispositive motions with a fully developed record in the context of better defined infringement and validity issues.  Moreover, fact discovery will allow the parties to narrow claim construction issues for presentation during motion practice.

Instanet Solutions believes that discovery relating to the definition of unclear/disputed terms within the claims should be conducted before any general discovery begins.  The definition of the claim terms of the '348 patent will focus the discovery on the ultimate issues of infringement and invalidity.  In addition to narrowing the scope of discovery on these issues, the Court's definition of these terms may make the determination of the ultimate issues of invalidity and infringement ripe for summary judgment or at least clarify the parties' positions to facilitate meaningful settlement discussions.

**3.      Rule 26(f)(3)(C)—Issues Regarding Disclosures and Electronic Discovery**

The parties agree that all documents produced in this action will be exchanged electronically in an electronically searchable format (i.e., with OCR information).  In addition, the following must be produced for each document other than documents produced in native format:

1        1) Single-page TIFF images or multi-page PDF files;

2        2) Image base load files for IPRO (*.LFP), OPTICON (*.OPT or *.LOG),

3   or SUMMATION (*.dii).   These load files shall also depict the document

4   boundaries, and IPRO and Summation must also depict the attachment

5   relationships; and

6        3) Data load files that are compatible with Concordance (*.DAT) or

7   Summation (*dii) or are in a similarly delineated format.

8        Alternatively, a party may provide some documents or information in

9   native format with an associated production number.  Each party reserves its

10  rights to assert any appropriate objections to a request for production of

11  documents in native format.  If a party elects to produce documents in native

12  format, the parties shall confer to reach an agreement regarding what, if any,

13  associated metadata shall be produced.

14       The parties do not currently believe that wholesale production of

15  electronic mail will be necessary in this case.  Thus, emails for individuals

16  specified in the parties' respective initial disclosures will be collected and

17  maintained by the producing party.  The parties shall not be required to produce

18  electronic mail in response to discovery requests, except in limited

19  circumstances based on specific requests and needs.  Any party requesting

20  production of electronic mail will provide a narrowly tailored request that

21  identifies both a targeted timeframe and limited scope.

22       The parties believe that limited production of source code will be

23  necessary in this case.  Thus, the parties shall be required to produce or make

24  portions of source code available for inspection in response to specific discovery

25  requests.   Any party requesting production of source code will provide a

26  narrowly tailored discovery request that identifies both a targeted timeframe and

27  limited scope.  Production of source code will be the subject of a Protective

28  Order that outlines adequate protections for such source code production.

-9-

### 4. Rule 26(f)(3)(D)—Issues Regarding Privilege and Work Product

The parties agree that a Protective Order is necessary in this case.  Any proposed changes to the provisions of Fed. R. Civ. P. Rule 26(b)(5)(B), governing any information produced in discovery that is subject to a claim of privilege or protection as trial preparation material, will be reflected in the Protective Order.  The parties will work together in good faith toward entering a stipulated Protective Order for this case.

The parties agree that any documents created by MarketLinx and Vobre on or after the filing date of the action styled *Industry Access, Inc. d/b/a VOBRE v. CoreLogic, Inc. and Ellie Mae, Inc.*, Civil Action No. 8:11-CV-00473-JST-FFM (C.D. Cal.) ("the VOBRE action"), and by Instanet Solutions on or after the filing date of this action, concerning the VOBRE action or this action that are withheld on the basis of privilege or the work product doctrine need not be scheduled on a privilege log.

### 5. Rule 26(f)(3)(E)—Discovery Limitations

The parties do not believe that changes should be made in the limitations on discovery imposed under these the Federal Rules of Civil Procedure or the Local Rules of this Court.

### 6. Rule 26(f)(3)(F)—Any Additional Orders

The parties expect to stipulate to a Protective Order.

### 7. Discovery Cut-Off

The parties propose that discovery should be completed according to the accompanying proposed schedule attached as Exhibit A.

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  July 2, 2012            By: /s/ Phillip Bennett
                                    Jon W. Gurka
                                    Phillip Bennett
                                    Cheryl Burgess
                                 Attorneys for Plaintiff
                                 MARKETLINX, INC.



GOLDSTEIN & LIPSKI PLLC


Dated:  July 2, 2012            By: /s/ Gregg L. Goldstein (with permission)
                                    Gregg L. Goldstein
                                    Edward W. Goldstein


SHELDON MAK & ANDERSON PC
                                    Jeffrey G. Sheldon
                                    Douglas H. Morseburg

Attorneys for Defendant
INDUSTRY ACCESS INCORPORATED D/B/A
VOBRE



HAHN LOESER AND PARKS, LLP


Dated:  July 2, 2012            By: /s/ Shannon McCue (with permission)
                                    Michael J. Gleason
                                    Shannon McCue
                                    Michael Garvin

Attorneys for Defendant
CONCEPTS IN DATA MANAGEMENT
INCORPORATED D/B/A INSTANET
SOLUTIONS