1    Jon W. Gurka (SBN 187964)
     jon.gurka@kmob.com
2    Cheryl T. Burgess (SBN 250101)
     cheryl.burgess@kmob.com
3    KNOBBE, MARTENS, OLSON & BEAR, LLP
     2040 Main Street
4    Fourteenth Floor
     Irvine, CA  92614
5    Phone: (949) 760-0404
     Facsimile: (949) 760-9502
6

7    Phillip Bennett (SBN 241809)
     phillip.bennett@kmob.com
8    KNOBBE, MARTENS, OLSON & BEAR, LLP
     12790 El Camino Real
     San Diego, CA  92130
9    Phone:  (858) 707-4000
     Facsimile:  (858) 707-4001
10

11    Attorneys for Plaintiff,
     MARKETLINX, INC.

12

13

14            IN THE UNITED STATES DISTRICT COURT

15          FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17   MARKETLINX, INC., a Tennessee corporation, | Case No. CV12-3496 CBM (FMOx) |
| 18           Plaintiff, | **PLAINTIFF'S NOTICE OF LODGING [PROPOSED] STIPULATED PROTECTIVE ORDER** |
| 19 | |
| 20        v. | |
| 21   INDUSTRY ACCESS INCORPORATED d/b/a VOBRE, a California corporation; and | **DISCOVERY MATTER** |
| 22   CONCEPTS IN DATA MANAGEMENT INCORPORATED d/b/a INSTANET SOLUTIONS, a Canadian corporation, | |
| 23 | |
| 24           Defendants. | Honorable Consuelo B. Marshall Magistrate Judge Fernando M. Olguin |
| 25 | |

26

27

28

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that pursuant to Rule 26(c) of the Federal

3 | Rules of Civil Procedure, Plaintiff hereby lodges the parties' [Proposed]

4 | Stipulated Protective Order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>September 25, 2012</u>  By: <u>/s/ *Phillip Bennett*</u>

       Jon W. Gurka
       Phillip Bennett
       Cheryl T. Burgess

       Attorneys for Plaintiff,
       MARKETLINX, INC.

14037777
092512

Case 2:12-cv-03496-CBM-FMO Document 67 Filed 10/02/12 Page 3 of 28 Page ID #:384
Case 2:12-cv-03496-CL-FMO Document 65-1 Filed 09/25... 2 Page 1 of 27 Page ID
#:354

Jon W. Gurka (SBN 187964)
jon.gurka@kmob.com
Cheryl T. Burgess (SBN 250101)
cheryl.burgess@kmob.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:    (949) 760-9502

Phillip Bennett (SBN 241809)
phillip.bennett@kmob.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Fax:    (858) 707-4001

Attorneys for Plaintiff
MARKETLINX, INC.

G. Alex Dickman (SBN 163654)
3350 Barham Blvd., Suite A
Los Angeles, CA 90068
Phone: 310-598-1205
Fax: 800-361-8451
alex@vobre.com

Attorney for Defendant
INDUSTRY ACCESS
INCORPORATED D/B/A VOBRE

Michael J. Gleason (SBN 279434)
mgleason@hahnlaw.com
HAHN LOESER AND PARKS, LLP
One America Plaza
600 W Broadway, Suite 1500
San Diego, California 92101-3384
Phone: (619) 810-4310
Fax:    (619) 810-4301

Shannon McCue (*Pro Hac Vice*)
smmcue@hahnlaw.com
Michael Garvin (*Pro Hac Vice*)
mjgarvin@hahnlaw.com
HAHN LOESER AND PARKS, LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
Phone: (216) 621-0150
Fax:    (216) 241-2824

Attorneys for Defendant
CONCEPTS IN DATA
MANAGEMENT INCORPORATED
D/B/A INSTANET SOLUTIONS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETLINX, INC., a Tennessee corporation, | Case No. CV12-3496 CBM (FMOx) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| INDUSTRY ACCESS INCORPORATED d/b/a VOBRE, a California corporation; and CONCEPTS IN DATA MANAGEMENT INCORPORATED d/b/a INSTANET SOLUTIONS, a Canadian corporation, | **DISCOVERY MATTER** |
| | Honorable Consuelo B. Marshall Magistrate Judge Fernando M. Olguin |
| Defendants. | |

Pursuant to the parties' Joint 26(f) Report and the Court's August 20, 2012 Order (Docket No. 57), Plaintiff MarketLinx, Inc. ("MarketLinx"), and Defendants Industry Access Incorporated d/b/a VOBRE ("VOBRE") and Concepts In Data Management Incorporated d/b/a Instanet Solutions ("Instanet Solutions") stipulate that the following Protective Order should be entered in this case.

### GOOD CAUSE STATEMENT

The parties each believe that harm and prejudice will result if a Protective Order is not granted as to categories of documents and/or information that the parties seek to protect with this order.

Plaintiff MarketLinx asserts that disclosure of at least its confidential and proprietary technical documents, financial documents, customer lists, and non-public sales documents will cause significant harm and prejudice because those materials could be used by competitors to harm MarketLinx' ability to compete, especially because those competitors do not share the same types of information with MarketLinx.

- 1 -

1    Defendant VOBRE also asserts that the disclosure of its financial
2    documents, customer lists, and non-public sales documents will cause
3    significant harm and prejudice because those materials could be used by
4    competitors to the detriment of VOBRE. Because the parties to this litigation
5    compete in the same market space, protection of confidential business
6    information is required to prevent any party from gaining a competitive
7    advantage through discovery.

8    Defendant Instanet Solutions asserts that MarketLinx has requested
9    discovery of confidential and proprietary information including technical
10   documents, financial documents, customer lists, and sales documents. It is
11   expected that MarketLinx will seek deposition testimony and trial testimony
12   involving these materials as well. Disclosure of this confidential and
13   proprietary information will cause significant harm and prejudice because those
14   materials could be used by competitors, like MarketLinx and Vobre, to gain an
15   unfair competitive advantage over Instanet Solutions or harm its ability to
16   compete, especially because those competitors do not share the same types of
17   information with Instanet Solutions.

18   ## 1.    PURPOSES AND LIMITATIONS

19   Disclosure and discovery activity in this action are likely to involve the
20   production of confidential, proprietary, or private information for which special
21   protection from public disclosure and from use for any purpose other than
22   prosecuting this litigation may be warranted. Accordingly, the parties hereby
23   stipulate to and petition the Court to enter the following Stipulated Protective
24   Order. The parties acknowledge that this Order does not confer blanket
25   protections on all disclosures or responses to discovery and that the protection it
26   affords from public disclosure and use extends only to the limited information
27   or items that are entitled to confidential treatment under the applicable legal
28   principles. The parties further acknowledge, as set forth below, that this

- 2 -

Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.    DEFINITIONS**

**2.1.    Challenging Party**: a party or non-party that challenges the designation of documents, information, or other items under this Order.

**2.2.    "CONFIDENTIAL" Information or Items**: documents, information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" information or items includes documents, information, and tangible things which are not made available generally to the public, including but not limited to financial data and customer information and which are not made available to competitors in the ordinary course of business such as, for example, product white papers, product user manuals, and customer-specific sales documents.

**2.3.    Designating Party**: a party or non-party that designates documents, information, or items that it produces, in disclosures or in response to discovery requests, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.4.    Disclosure or Discovery Material**: all documents, information or items, regardless of the medium or manner in which they were generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to a discovery request in this matter.

**2.5.    Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its

Case 2:12-cv-03496-CBM-FMO  Document 67  Filed 10/02/12  Page 7 of 28  Page ID #:388
Case 2:12-cv-03496-CE. .-FMO  Document 65-1  Filed 09/25/.2  Page 5 of 27  Page ID
#:358

counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party or of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor.

**2.6.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential" Information or Items, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means, including trade secrets as defined in California Civil Code § 3426.1,[1] which may include, without limitation, technical documentation such as highly sensitive technical information, as well as information relating to a party's sales, revenue, profits and losses, or customer identities.

**2.7.  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**: extremely sensitive "Confidential" Information or Items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of

---

[1] California Civil Code § 3426.1(d) states:

(d) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Case 2:12-cv-03496-CBM-FMO   Document 67   Filed 10/02/12   Page 8 of 28   Page ID #:389
Case 2:12-cv-03496-CL  -FMO   Document 65-1   Filed 09/25/  2   Page 6 of 27   Page ID
#:359

1  which to another Party or Non-Party would create a substantial risk of serious
2  harm that could not be avoided by less restrictive means.

3      **2.8.**   **In-house Counsel**: attorneys who are employees of a party to this
4  action. In-house Counsel does not include Outside Counsel of Record or any
5  other outside counsel.

6      **2.9.**   **Outside Counsel of Record**: attorneys who are not and have not at
7  any time been employees of a party to this action but are retained to represent or
8  advise a party to this action and have appeared in this action on behalf of that
9  party or are affiliated with a law firm which has appeared on behalf of that
10  party.

11      **2.10. Producing Party**: a party or non-party that produces Disclosure or
12  Discovery Material in this action.

13      **2.11. Professional Vendors**: persons or entities that provide litigation
14  support services (e.g., photocopying, videotaping, translating, preparing exhibits
15  or demonstrations, and organizing, storing, or retrieving data in any form or
16  medium) and their employees and subcontractors.

17      **2.12. Protected Material**: any Disclosure or Discovery Material that is
18  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
19  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE
20  CODE."

21      **2.13. Receiving Party**: a party that receives Disclosure or Discovery
22  Material from a Producing Party.

23  **3.**    **SCOPE**

24      The protections conferred by this Stipulation and Order cover not only
25  Protected Material (as defined above), but also (1) any information copied or
26  extracted from Protected Material; (2) all copies, excerpts, summaries, or
27  compilations of Protected Material; and (3) any testimony, conversations, or
28  presentations by a party or its counsel that might reveal Protected Material.

1   However, the protections conferred by this Stipulation and Order do not cover

2   the following information: (a) any information that is in the public domain at the

3   time of disclosure to a Receiving Party or becomes part of the public domain

4   after its disclosure to a Receiving Party as a result of publication not involving a

5   violation of this Order, including becoming part of the public record through

6   trial or otherwise; and (b) any information known to the Receiving Party prior to

7   the disclosure or obtained by the Receiving Party after the disclosure from a

8   source who obtained the information lawfully and under no obligation of

9   confidentiality to the Designating Party. Any use of Protected Material at trial

10  shall be governed by a separate agreement or order.

11  **4.    DURATION**

12          The duties and obligations under this Order shall extend until the

13  commencement of trial, at which time information designated under this Order

14  and made part of the trial record shall be presumptively available to all members

15  of the public, including the press, unless good cause is shown to the district

16  judge in advance of the trial to proceed otherwise. If final disposition of this

17  litigation occurs without a trial, the confidentiality obligations imposed by this

18  Order shall remain in effect until a Designating Party agrees otherwise in

19  writing or a Court order otherwise directs. Final disposition shall be deemed to

20  be the later of (1) dismissal of all claims and defenses in this action, with or

21  without prejudice; or (2) final judgment after the completion and exhaustion of

22  all appeals, rehearings, remands, trials, or reviews of this action, including the

23  time limits for filing any motions or applications for extension of time pursuant

24  to applicable law.

25  **5.    DESIGNATING PROTECTED MATERIAL**

26          **5.1.    Exercise of Restraint and Care in Designating Material for**

27  **Protection.**

28

- 6 -

Case 2:12-cv-03496-CBM-FMO   Document 67   Filed 10/02/12   Page 10 of 28   Page ID #:391
Case 2:12-cv-03496-CE.  -FMO   Document 65-1   Filed 09/25, .2   Page 8 of 27   Page ID
#:361

Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify any other party that it is withdrawing the mistaken designation.

**5.2.   Manner and Timing of Designations**.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

- 7 -

Case 2:12-cv-03496-CBM-FMO   Document 67   Filed 10/02/12   Page 11 of 28   Page ID #:392
Case 2:12-cv-03496-CB...-FMO   Document 65-1   Filed 09/25/12   Page 9 of 27   Page ID
#:362

1    A party or non-party that makes original documents or materials available

2    for inspection need not designate them for protection until after the inspecting

3    party has indicated which material it would like copied and produced.  During

4    the inspection and before the designation, all of the material made available for

5    inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY."  After the inspecting party has identified the documents it wants

7    copied and produced, the Producing Party must determine which documents, or

8    portions thereof, qualify for protection under this Order.    Then, before

9    producing the specified documents, the Producing Party must affix the

10   appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

12   CODE") to each page that contains Protected Material.

13       (b) for testimony given in a deposition or in other pretrial or trial

14   proceedings, that the Designating Party identify on the record, before the close

15   of the deposition, hearing, or other proceeding, all protected testimony and

16   specify the level of protection being asserted.  When it is impractical to identify

17   separately each portion of testimony that is entitled to protection and it appears

18   that substantial portions of the testimony may qualify for protection, the

19   Designating Party may invoke on the record (before the deposition, hearing, or

20   other proceeding is concluded) a right to have up to 21 days to identify the

21   specific portions of the testimony as to which protection is sought and to specify

22   the level of protection being asserted.  Only those portions of the testimony that

23   are appropriately designated for protection within the 21 days shall be covered

24   by the provisions of this Stipulated Protective Order.    Alternatively, a

25   Designating Party may specify, at the deposition or up to 21 days afterwards if

26   that period is properly invoked, that the entire transcript shall be treated as

27   "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28   ONLY."

- 8 -

1    A party shall give another party notice if it reasonably expects a
2    deposition, hearing, or other proceeding to include Protected Material so that the
3    other Party can ensure that only authorized individuals who have signed the
4    "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at
5    those proceedings.  The use of a document as an exhibit at a deposition shall not
6    in any way affect its designation as "CONFIDENTIAL," "HIGHLY
7    CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
8    CONFIDENTIAL – SOURCE CODE."

9    Transcripts containing Protected Material shall have an obvious legend on
10   the title page that the transcript contains Protected Material, and the title page
11   shall be followed by a list of all pages (including line numbers as appropriate)
12   that have been designated as Protected Material, along with the level of
13   protection being asserted by the Designating Party.  The Designating Party shall
14   inform the court reporter of these requirements.  Any transcript that is prepared
15   before the expiration of a 21-day period for designation shall be treated during
16   that period as if it had been designated "HIGHLY CONFIDENTIAL –
17   ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the
18   expiration of that period, the transcript shall be treated only as actually
19   designated.

20   (c) for information produced in some form other than documentary and
21   for any other tangible items, that the Producing Party affix in a prominent place
22   on the exterior of the container or containers in which the information or item is
23   stored, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
24   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE
25   CODE."  If only a portion or portions of the information or item warrant
26   protection, the Producing Party, to the extent practicable, shall identify the
27   protected portion(s) and specify the level of protection being asserted.

28

Case 2:12-cv-03496-CBM-FMO   Document 67   Filed 10/02/12   Page 13 of 28   Page ID #:394
Case 2:12-cv-03496-CB...-FMO   Document 65-1   Filed 09/25/12   Page 11 of 27   Page ID
#:364

### 5.3.   Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1.   Timing of Challenges.

Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The process for challenging confidentiality designations shall be governed by the procedures provided in Local Rule 37.

### 6.2.   Meet and Confer.

The Challenging Party shall initiate the dispute process under Local Rule 37-1 by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with Local Rule 37-1 and this specific paragraph of the Protective Order. In accordance with Local Rule 37-1, the parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief

- 10 -

1  that the confidentiality designation was not proper and must give the

2  Designating Party an opportunity to review the designated material, to

3  reconsider the circumstances, and, if no change in designation is offered, to

4  explain the basis for the chosen designation. A Challenging Party may proceed

5  to the next stage of the challenge process only if it has engaged in this meet and

6  confer process first or establishes that the Designating Party is unwilling to

7  participate in the meet and confer process in a timely manner.

8      **6.3.  Judicial Intervention.**

9      If the Parties cannot resolve a challenge without court intervention, the

10  parties shall formulate a written stipulation in accordance with Local Rule 37-2,

11  and shall notice a hearing on the motion in accordance with Local Rule 37-3.

12      In making or opposing any motion relating to the designation of

13  confidential information, the party seeking to maintain a document as

14  confidential shall bear the burden of showing specific prejudice or harm will

15  result if no protective order is granted. Unless the Designating Party has waived

16  the confidentiality designation by failing to file a motion to retain

17  confidentiality as described above, all parties shall continue to afford the

18  material in question the level of protection to which it is entitled under the

19  Producing Party's designation until the court rules on the challenge.

20  **7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

21      **7.1.  Basic Principles.**

22      A Receiving Party may use Protected Material that is disclosed or

23  produced by another party or by a non-party in connection with this case only

24  for prosecuting, defending, or attempting to settle this litigation. Such Protected

25  Material may be disclosed only to the categories of persons and under the

26  conditions described in this Order. When the litigation has been terminated, a

27  Receiving Party must comply with the provisions of Section 16 below (FINAL

28  DISPOSITION).

1     Protected Material must be stored and maintained by a Receiving Party at
2     a location and in a secure manner that ensures that access is limited to the
3     persons authorized under this Order.

4     **7.2.   Disclosure of "CONFIDENTIAL" Information or Items.**

5     Unless otherwise ordered by the Court or permitted in writing by the
6     Designating Party, a Receiving Party may only disclose any information or item
7     designated "CONFIDENTIAL" to:

8     (a) the Receiving Party's Outside Counsel of Record in this action, as
9     well as employees of said Outside Counsel of Record to whom it is reasonably
10    necessary to disclose the information for this litigation;

11    (b) Experts (as defined in this Order) of the Receiving Party to whom
12    disclosure is reasonably necessary for this litigation and who have signed the
13    "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom
14    the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

15    (c) the Court and its personnel;

16    (d) court reporters and their staff, professional jury or trial consultants,
17    and Professional Vendors to whom disclosure is reasonably necessary for this
18    litigation and who have signed the "Acknowledgment and Agreement to Be
19    Bound" (Exhibit A);

20    (e) during their depositions, witnesses in the action to whom disclosure is
21    reasonably necessary and who have signed the "Acknowledgment and
22    Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the
23    Designating Party or ordered by the Court.  Pages of transcribed deposition
24    testimony or exhibits to depositions that reveal Protected Material must be
25    identified by the court reporter and may not be disclosed to anyone except as
26    permitted under this Stipulated Protective Order; and

27
28

- 12 -

1    (f) the author or recipient of a document containing the Protected Material
2    or a custodian or other person who otherwise possessed or knew the
3    information.

4    **7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'**
5    **EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE"**
6    **Information or Items.**

7    Unless otherwise ordered by the Court or permitted in writing by the
8    Designating Party, a Receiving Party may only disclose information or items
9    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
10   "HIGHLY CONFIDENTIAL – SOURCE CODE" to:

11   (a) the Receiving Party's Outside Counsel of Record in this action, as
12   well as employees of said Outside Counsel of Record to whom it is reasonably
13   necessary to disclose the information for this litigation;

14   (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
15   necessary for this litigation, (2) who have signed the "Acknowledgment and
16   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set
17   forth in paragraph 7.4(a)(2), below, have been followed;

18   (c) the Court and its personnel;

19   (d) court reporters and their staff, professional jury or trial consultants,
20   and Professional Vendors to whom disclosure is reasonably necessary for this
21   litigation and who have signed the "Acknowledgment and Agreement to Be
22   Bound" (Exhibit A); and

23   (e) the author or recipient of a document containing Protected Material or
24   a custodian or other person who otherwise possessed or knew the information.

25   **7.4.    Procedures for Disclosure of "CONFIDENTIAL," "HIGHLY**
26   **CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY**
27   **CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.**

28

- 13 -

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.2(c) and 7.3(b), first must make a written request to the Designating Party that (1) identifies the general categories of CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with any litigation, at any time during the preceding five years , and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) Following a waiting period of ten (10) days after providing the request to the Designating Party, a Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within those 10 days following the delivery of the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must, pursuant to Local Rule 37-1, meet and confer with the Designating Party (through direct

- 14 -

1    voice to voice dialogue) to try to resolve the matter. If no agreement is reached,
2    the parties shall formulate a written stipulation in accordance with Local Rule
3    37-2, and they shall notice a hearing date in accordance with Local Rule 37-3.
4    The party seeking to maintain a document as confidential shall bear the burden
5    of showing specific prejudice or harm will result if no protective order is
6    granted.   Failure to object or file a motion within the time permitted by this
7    Paragraph 7.4 shall be deemed a waiver of any objection to the expert's access
8    to the information.   If a timely objection is made, no disclosure of Protected
9    Material shall be made to the expert until the objection is resolved by the Court
10   or in the time for filing a motion under this Paragraph has expired.   Any such
11   motion must describe the circumstances with specificity, set forth in detail the
12   reasons why disclosure to the Expert would result in material risk of disclosure
13   or misuse of the Protected Material.

14   **8.    PROSECUTION BAR**

15        Absent written consent from the Producing Party, any individual who
16   receives   access   to   "CONFIDENTIAL",   "HIGHLY   CONFIDENTIAL   –
17   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
18   CODE" information shall not be involved in the prosecution of patents or patent
19   applications relating to systems or methods for interchange of data relating to
20   real estate transactional services (the "Technical Field"), including without
21   limitation the patents asserted in this action and any patent or application
22   claiming priority to or otherwise related to the patents asserted in this action,
23   before any foreign or domestic agency, including the United States Patent and
24   Trademark Office ("the Patent Office").   The restriction contained in the
25   foregoing sentence shall only apply with respect to "CONFIDENTIAL",
26   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY
27   CONFIDENTIAL – SOURCE CODE" information that is technical in nature,
28   such as, for example, product research, technical bulletins, white papers,

- 15 -

1   development and design information within the Technical Field, and does not
2   apply to non-technical information, such as marketing, sales and financial
3   information. For purposes of this paragraph, "prosecution" includes, but is not
4   limited to, directly or indirectly drafting, amending, advising, or otherwise
5   affecting the scope or maintenance of patent claims.  This Prosecution Bar shall
6   begin when access to "CONFIDENTIAL", "HIGHLY CONFIDENTIAL –
7   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
8   CODE" information is first received by the affected individual and shall end
9   two (2) years after final termination of this action.  Notwithstanding the above,
10   nothing in this paragraph shall prevent an individual who receives access to
11   "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
12   ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information from
13   participating in the prosecution of or defense to a patent reexamination.

14   **9.   SOURCE CODE**

15          The parties agree to treat source code as Highly Confidential information
16   and agree to treat the production of source code as follows:

17          (a)  A Producing Party may designate source code as "HIGHLY
18   CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential,
19   proprietary or trade secret source code.

20          (b)  Protected Material designated as "HIGHLY CONFIDENTIAL –
21   SOURCE CODE" shall be subject to all of the protections afforded to
22   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information
23   including the Prosecution Bar set forth in Paragraph 8 and may be disclosed
24   only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS'
25   EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and
26   7.4.

27          (c)  Any source code produced in discovery shall be made available for
28   inspection, in a format allowing it to be reasonably reviewed and searched,

- 16 -

Case 2:12-cv-03496-CBM-FMO   Document 67   Filed 10/02/12   Page 20 of 28   Page ID #:401
Case 2:12-cv-03496-CB...-FMO   Document 65-1   Filed 09/25/12   Page 18 of 27   Page ID
#:371

1    during normal business hours or at other mutually agreeable times, at an office

2    of the Producing Party's counsel located in California or another mutually

3    agreed upon location.  The source code shall be made available for inspection

4    on a secured computer in a secured room without Internet access or network

5    access to other computers, and the Receiving Party shall not copy, remove, or

6    otherwise transfer any portion of the source code onto any recordable media or

7    recordable device.  The Receiving Party's representatives may not use any

8    electronic devices, including but not limited to, cellular telephones, smart

9    phones, cameras, laptops etc., while in the secured room. The Receiving Party's

10   representatives may take handwritten notes relating to the source code during

11   the inspection so long as the Receiving Party's representatives do not copy any

12   portion of the source code into the notes, and the notes are marked HIGHLY

13   CONFIDENTIAL - SOURCE CODE and maintained in the same manner as

14   any paper copies of portions of the source code.  The Producing Party may

15   visually monitor the activities of the Receiving Party's representatives during

16   any source code review, but only to ensure that there is no unauthorized

17   recording, copying, or transmission of the source code.  The Producing Party

18   may keep a paper log indicating the names of any individuals inspecting the

19   source code and dates and times of inspection. The Receiving Party must keep a

20   log of the names of any individuals to whom paper copies of portions of source

21   code are provided.  The Receiving Party must provide such log to the Producing

22   Party within 3 business days of any updates to the log.

23        (d) The Receiving Party may request paper copies of limited portions of

24   source code that are reasonably necessary for the preparation of court filings,

25   pleadings, expert reports, or other papers, or for deposition or trial, but shall not

26   request paper copies for the purposes of reviewing the source code other than

27   electronically as set forth in paragraph (c) in the first instance.  The Producing

28   Party shall provide all such source code in paper form including bates numbers

- 17 -

1  and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing

2  Party may challenge the amount of source code requested in hard copy form

3  pursuant to the dispute resolution procedure and timeframes set forth in

4  Paragraph 6 whereby the Producing Party is the "Challenging Party" and the

5  Receiving Party is the "Designating Party" for purposes of dispute resolution.

6      (e) The Receiving Party shall maintain a record of any individual who has

7  inspected any portion of the source code in electronic or paper form. The

8  Receiving Party shall maintain all paper copies of any printed portions of the

9  source code in a secured, locked area. The Receiving Party shall not create any

10  electronic or other images of the paper copies and shall not convert any of the

11  information contained in the paper copies into any electronic format. The

12  Receiving Party shall only make additional paper copies if such additional

13  copies are (1) necessary to prepare court filings, pleadings, or other papers

14  (including a testifying expert's expert report), (2) necessary for deposition, or

15  (3) otherwise necessary for the preparation of its case. Any paper copies used

16  during a deposition shall be retrieved by the Producing Party at the end of each

17  day and must not be given to or left with a court reporter or any other

18  individual. The Receiving Party must provide notice to the Producing Party

19  before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information

20  in a court filing, pleading, or expert report.

21  **10.  PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED**

22  **PRODUCED IN OTHER LITIGATION**

23      If a party is served with a subpoena or a court order issued in other

24  litigation that compels disclosure of any information or items designated in this

25  action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that party

27  must:

28

1   (a) promptly notify in writing the Designating Party. Such notification

2   shall include a copy of the subpoena or court order;

3   (b) promptly notify in writing the party who caused the subpoena or order

4   to issue in the other litigation that some or all of the material covered by the

5   subpoena or order is subject to this Protective Order. Such notification shall

6   include a copy of this Stipulated Protective Order; and

7   (c) cooperate with respect to all reasonable procedures sought to be

8   pursued by the Designating Party whose Protected Material may be affected.

9   If the Designating Party timely seeks a protective order, the party served with

10   the subpoena or court order shall not produce any information designated in this

11   action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

12   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a

13   determination by the court from which the subpoena or order issued, unless the

14   Party has obtained the Designating Party's permission. The Designating Party

15   shall bear the burden and expense of seeking protection in that court of its

16   confidential material – and nothing in these provisions should be construed as

17   authorizing or encouraging a Receiving Party in this action to disobey a lawful

18   directive from another court.

19   **11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

20   **PRODUCED IN THIS LITIGATION**

21   (a) The terms of this Order are applicable to information produced by a

22   non-party to this action and designated as "CONFIDENTIAL," "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

24   CONFIDENTIAL – SOURCE CODE." Such information produced by non-

25   parties in connection with this litigation is protected by the remedies and relief

26   provided by this Order. Nothing in these provisions should be construed as

27   prohibiting a non-party from seeking additional protections.

28

1    (b) In the event that a party is required, by a valid discovery request, to
2    produce a non-party's confidential information in its possession, and the party is
3    subject to an agreement with the non-party not to produce the non-party's
4    confidential information, then the party shall:

5           (1) promptly notify in writing the Requesting Party and the non-
6    party that some or all of the information requested is subject to a
7    confidentiality agreement with a non-party;

8           (2) promptly provide the non-party with a copy of the Stipulated
9    Protective Order in this litigation, the relevant discovery request(s), and a
10   reasonably specific description of the information requested; and

11          (3) make the information requested available for inspection by the
12   non-party.

13   (c) If the non-party fails to object or seek a protective order from this
14   Court within 14 days of receiving the notice and accompanying information, the
15   Receiving Party may produce the non-party's confidential information
16   responsive to the discovery request.  If the non-party timely seeks a protective
17   order, the Receiving Party shall not produce any information in its possession or
18   control that is subject to the confidentiality agreement with the non-party before
19   a determination by the Court.  Absent a Court order to the contrary, the non-
20   party shall bear the burden and expense of seeking protection in this court of its
21   Protected Material.

22   **12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

23   If a Receiving Party learns that, by inadvertence or otherwise, it has
24   disclosed Protected Material to any person or in any circumstance not
25   authorized under this Stipulated Protective Order, the Receiving Party must
26   immediately (a) notify in writing the Designating Party of the unauthorized
27   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
28   Protected Material, (c) inform the person or persons to whom unauthorized

- 20 -

1   disclosures were made of all the terms of this Order, and (d) request such person

2   or persons to execute the "Acknowledgment and Agreement to Be Bound" that

3   is attached hereto as Exhibit A.

4   **13.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR**

5   **OTHERWISE PROTECTED MATERIAL**

6   The inadvertent production (or making available for inspection) of

7   documents or other material subject to the attorney-client privilege, work

8   product doctrine or any other privilege or immunity does not constitute a waiver

9   of any applicable privilege.    Reasonably promptly upon learning of the

10  inadvertent disclosure, the Producing Party must notify the Receiving Party of

11  the inadvertent production and request return of the documents.    If the

12  Receiving Party becomes aware of specific materials that it believes may be

13  subject to a claim of privilege by the Producing Party, the Receiving Party shall

14  timely notify the Producing Party of these specific materials.  Upon being made

15  aware of these materials, the Producing Party shall timely designate any such

16  documents and request return of such documents to the Producing Party.    The

17  inadvertent or unintentional disclosure shall not operate as a waiver in any

18  proceeding whether or not the holder of the privilege or immunity took

19  reasonable steps to prevent the disclosure or promptly took reasonable steps to

20  rectify the error in accordance with Federal Rule of Evidence 502(b).   Upon

21  request by the Producing Party, the Receiving Party must promptly return or

22  confirm destruction of all copies of such inadvertently produced materials.

23  Nothing herein shall prevent the Receiving Party from challenging the propriety

24  of the attorney-client privilege or work product immunity or other applicable

25  privilege or immunity designation by submitting a written challenge to the

26  Court, but any such challenge shall not assert as a basis the fact or

27  circumstances of the inadvertent production.    If a claim is disputed, the

28  Receiving Party shall not use or disclose a document or information for which a

- 21 -

Case 2:12-cv-03496-CBM-FMO   Document 67   Filed 10/02/12   Page 25 of 28   Page ID #:406
Case 2:12-cv-03496-CBM-FMO   Document 65-1   Filed 09/25/12   Page 23 of 27   Page ID
#:376

1   claim of privilege or immunity is made pursuant to this paragraph for any

2   purpose until the matter is resolved by agreement of the parties or by the Court.

3   In addition to any other obligation to preserve documents, the Producing Party

4   must preserve any documents recalled under this Paragraph for the duration of

5   this litigation.

6   **14.   COUNSEL'S COMMUNICATION WITH CLIENT**

7        Nothing in this Order shall preclude or impede outside counsel's ability to

8   communicate with or advise their clients or decision makers for such clients

9   based on outside counsel's review and evaluation of Protected Material

10  produced by the opposing party.   Outside Counsel may discuss with the

11  employees and officers of such clients who have responsibility for managing the

12  lawsuit, or those persons who have responsibility for making decisions about

13  possible settlement of the lawsuit ("Client Decision Makers"), the general nature

14  of Protected Material without disclosing the specifics of any such information,

15  solely to the extent such disclosure is necessary for effectively advising such

16  clients and their decision makers.   Such Client Decision Makers who receive

17  general information about Protected Material shall not disclose such information

18  except to other Client Decision Makers and solely to the extent such disclosure

19  is necessary for effectively managing this Action.

20  **15.   MISCELLANEOUS**

21       **15.1.  Right to Further Relief.**

22       Nothing in this Order abridges the right of any person to seek its

23  modification by the court in the future.

24       **15.2.  Right to Assert Other Objections.**

25       By stipulating to the entry of this Protective Order no Party waives any

26  right it otherwise would have to object to disclosing or producing any

27  information or item on any ground not addressed in this Stipulated Protective

28

1  Order.  Similarly, no Party waives any right to object on any ground to the use
2  in evidence of any of the material covered by this Protective Order.

3      **15.3.  Export Control.**

4      Disclosure of Protected Material shall be subject to all applicable laws
5  and regulations relating to the export of technical data contained in such
6  Protected Material, including the release of such technical data to foreign
7  persons or nationals in the United States or elsewhere.  The Producing Party
8  shall be responsible for identifying any such controlled technical data, and the
9  Receiving Party shall take measures necessary to ensure compliance.

10     **15.4.  Filing Protected Material.**

11     Without written permission from the Designating Party or a Court order
12 secured after appropriate notice to all interested persons, a Party may not file in
13 the public record in this action any Protected Material.  A Party that seeks to file
14 under seal any Protected Material must comply with Civil Local Rule 79.
15 Protected Material may only be filed under seal pursuant to a Court order
16 authorizing the sealing of the specific Protected Material at issue.  Pursuant to
17 Civil Local Rule 79-5, a sealing order will issue only upon a request
18 establishing that the Protected Material at issue is privileged, protectable as a
19 trade secret, or otherwise entitled to protection under the law.  If a Receiving
20 Party's request to file Protected Material under seal pursuant to Civil Local Rule
21 79-5 is denied by the court, then the Receiving Party may file the Protected
22 Material in the public record unless otherwise instructed by the court.

23     **15.5.  Treatment of Draft Reports.**

24     The parties agree that draft reports, draft declarations, draft affidavits, or
25 notes taken by Experts will not be subject to discovery.  The Parties also agree
26 that all communications (including e-mail communications) between the parties'
27 Experts and In-house Counsel or Counsel of Record, as well as documents
28 relating to such communications, except for documents, information, and things

- 23 -

1　included in or attached to such communications that are directly relied upon by
2　a testifying Expert in his or her Expert report, will not be subject to discovery.
3　Only the final Expert report served on an opposing party and the materials the
4　testifying Expert relied upon during preparation of the report are discoverable.
5　The parties will identify and produce copies of any documents "considered by
6　the witness in forming the opinion" as required by Fed. R. Civ. P. 26(a)(2)(B).

7　**16.　FINAL DISPOSITION**

8　　　Within 60 days after the final disposition of this action, as defined in
9　paragraph 4, each Receiving Party must return all Protected Material to the
10　Producing Party or destroy such material.  As used in this subdivision, "all
11　Protected Material" includes all copies, abstracts, compilations, summaries, and
12　any other format reproducing or capturing any of the Protected Material.
13　Whether the Protected Material is returned or destroyed, the Receiving Party
14　must submit a written certification to the Producing Party (and, if not the same
15　person or entity, to the Designating Party) by the 60 day deadline that (1)
16　identifies (by category, where appropriate) all the Protected Material that was
17　returned or destroyed and (2) affirms that the Receiving Party has not retained
18　any copies, abstracts, compilations, summaries or any other format reproducing
19　or capturing any of the Protected Material.  Notwithstanding this provision,
20　Counsel are entitled to retain an archival copy of all pleadings, motion papers,
21　trial, deposition, and hearing transcripts, legal memoranda, correspondence,
22　deposition and trial exhibits, expert reports, attorney work product, and
23　consultant and Expert work product, even if such materials contain Protected
24　Material.  Any such archival copies that contain or constitute Protected Material
25　remain subject to this Protective Order as set forth in Section 4 (DURATION).
26　/ / /
27　/ / /
28　/ / /

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 3 | |
| 4 | |
| | Dated:  September 25, 2012   By: /s/ *Phillip Bennett* |
| 5 | Jon W. Gurka |
| 6 | Phillip Bennett |
| | Cheryl Burgess |
| 7 | |
| | Attorneys for Plaintiff |
| 8 | MARKETLINX, INC. |
| 9 | |
| | INDUSTRY ACCESS, INC. d/b/a VOBRE |
| 10 | |
| 11 | |
| 12 | Dated:  September 25, 2012   By: /s/ *G. Alex Dickman* (with permission) |
| | G. Alex Dickman |
| 13 | |
| 14 | Attorney for Defendant |
| | INDUSTRY ACCESS INCORPORATED D/B/A |
| 15 | VOBRE |
| 16 | HAHN LOESER AND PARKS, LLP |
| 17 | |
| 18 | |
| 19 | Dated: September 25, 2012   By: /s/ *Shannon McCue* (with permission) |
| | Michael J. Gleason |
| 20 | Shannon McCue |
| | Michael Garvin |
| 21 | |
| 22 | Attorneys for Defendant |
| | CONCEPTS IN DATA MANAGEMENT |
| 23 | INCORPORATED D/B/A INSTANET |
| | SOLUTIONS |
| 24 | **IT IS SO ORDERED.** |
| 25 | |
| 26 | Dated:   10\2\12 |
| 27 | UNITED STATES MAGISTRATE JUDGE |
| 28 | |

- 25 -